FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01631-BNB

JOHN HENRY JAMES,

    Plaintiff,

v.

ELEVENTH JUDICIAL DISTRICT ATTORNEY'S OFFICE, Fremont County, Colorado,
STATE DISTRICT COURT JUDGE JULIE G. MARSHALL,
EDNA M. CHESS, Judicial Assistant, Dist. Ct. Div. 2,
DEBORAH SATHER-STRINGARI, Clerk, Dist. Ct. Div. 2,
HELENE ENGLES, Clerk District Court Div. 2, (Sitting by Assignment), Fremont County
    11th Jud. Dist. [sic], and
SENIOR DISTRICT COURT JUDGE DAVID R. LASS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, John Henry James, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Centennial Correctional Facility in Cañon City, Colorado. Mr. James has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his 1994 conviction in Fremont County District Court. He asks for injunctive relief.

    Mr. James has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. James is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. James' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint and the action will be dismissed.

While Mr. James was serving a 1985 life sentence, he was convicted on

2

August 11, 1994, in Fremont County District Court Criminal Action No. 93-CR-40 on charges of first-degree murder for killing another inmate, and was sentenced to life imprisonment. *See People v. James*, 937 P.2d 781, 782 (Colo. Ct. App. 1996), **reh'g denied**, July 11, 1996, **cert. denied**, May 19, 1997. It is the 1994 conviction that Mr. James is attacking in the instant civil rights action.

Mr. James alleges that his constitutional rights were violated during the course of his state court criminal proceedings in No. 93-CR-40. He specifically alleges that he was denied the right to a court of competent jurisdiction (claim one), denied the fair administration of justice and equal protection (claim two), and denied the appointment of conflict-free counsel (claim three).

Mr. James' § 1983 claims will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87.

Although Mr. James does not seek damages, *Heck* applies "when the concerns underlying *Heck* exist" which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter

3

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). ***Wilkinson v. Dotson***, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. James' allegations, his request for injunctive relief necessarily implies the invalidity of his conviction or sentence. ***Lawson***, 67 Fed. Appx. at 526 n.2 (citing ***Kutzner v. Montgomery Cnty.***, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983"). Success on Mr. James' claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration. Therefore, his claims for injunctive relief cannot be pursued under § 1983. Rather, they must be pursued as habeas corpus claims pursuant to 28 U.S.C. § 2254, ***see Preiser v. Rodriguez***, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, ***see*** § 2254(b)(1)(A); ***Preiser***, 411 U.S. at 499 n.14.

However, according to this Court's records, Mr. James previously sought habeas corpus relief pursuant to § 2254, challenging the same state court conviction he challenges in the instant action. ***See James v. Atherton***, No. 99-cv-02464-ZLW (D. Colo. May 31, 2000), ***appeal dismissed***, No. 00-1267 (10th Cir. Jan. 1, 2001); ***see also James v. Reid***, No. 04-cv-01462-ZLW (D. Colo. Sept. 15, 2005), ***appeal dismissed***, No. 05-1457 (10th Cir. Dec. 27, 2005). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." ***Van***

4

*Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court denied the habeas corpus application in No. 99-cv-02464-ZLW as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and for failure to exhaust state remedies. The Court transferred the application in No. 04-cv-01462-ZLW to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) pursuant to 28 U.S.C. § 1631 to determine whether Mr. James should be granted authorization to file a second or successive § 2254 application. On December 27, 2005, the Tenth Circuit denied authorization, and dismissed the appeal.

To the extent Mr. James wants to file a second or successive § 2254 application, he first must seek authorization from the Tenth Circuit. In any event, the instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __28th__ day of ____July____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01631-BNB

John Henry James
Prisoner No. 49264
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By:    _____
           Deputy Clerk